BONNER AND EDDY, RECEIVERS, ETC., v. HENRY GLENN.

No. 3022.

1.   **Practice—Demurrer.**—A demurrer that is not insisted upon is deemed to have been waived.

2.   **Charge.**—The general charge given by the court being full and distinctly presenting the issues upon which special instructions were asked, it was not proper to repeat the instructions presented in a different form.

3.   **Charge.**—That the court charged the jury that "if the platform was defective and plaintiff was injured by reason of said defects they would find for the plaintiff" was not error when accompanied by the qualification that if the defendant's own negligence contributed to the injury, or it was caused by the negligence of a fellow servant, he could not recover.

4.   **Practice—Improper Argument of Counsel.**—In the opening argument counsel used language which was objected to as improper.   The trial judge sustained the

objection. If this action of the judge was deemed insufficient to correct the impression a special charge should have been asked upon the subject, and if refused a bill of exceptions showing the facts making the charge pertinent should be tendered. In absence of special request so to correct the error this court can rarely give relief.

5. **Contributory Negligence—Charge.**—The trial court could not legally instruct the jury "that the plaintiff was guilty of contributory negligence in standing on the platform of the caboose, and that they should find for the defendant." Whether his action in taking a position on the platform was negligent was for the jury under the circumstances in evidence.

6. **Verdict Not Excessive.** — A verdict for $5000 damages for injuring the foot of the plaintiff—injury being permanent and accompanied by much pain—held not excessive.

APPEAL from Houston. Tried below before Hon. F. A. Williams.

This is an appeal from a judgment upon a verdict for $5000 for personal injuries inflicted upon plaintiff by alleged negligence of the defendants, operating the railroad upon which the accident happened.

The opinion gives a statement of the record discussed.

*Gould & Camp,* for appellants.— 1. A petition which not only fails to negative negligence on the part of plaintiff, but affirmatively shows such negligence, is insufficient.

2. A person can be guilty of contributory negligence as well by inaction as by action, as well by acts of omission as acts of commission, and every man should be held responsible for the consequence of such conduct as a man of ordinary prudence would have avoided under similar circumstances. Railway v. Smith, 52 Texas, 178; Railway v. Bisch, 41 Am. and Eng. Ry. Cases, 89, and authorities cited.

3. It is not always enough in a charge to a jury to state a principle of law abstractly, but generally (as in this case) it should be stated with direct reference to the facts of the case at bar; and the court erred in refusing defendant's third special charge. Railway v. Smith, 52 Texas, 178.

4. The argument of counsel in addressing a jury should be confined to a discussion of the facts in evidence, and when language is used relating to matters not in evidence, and of a character calculated to influence and prejudice the minds of the jurors against the adverse party, the judgment should be reversed. Railway v. Cooper, 70 Texas, 67; McCauley v. Long & Co., 61 Texas, 74; Railway v. Levy, 59 Texas, 542.

*Gregg & Reeves,* for appellee.— 1. Where a charge properly presents the issues as made by the evidence it is not error to refuse special charges which, as far as they are correct, are contained in the main charge. Railway v. McElyea, 71 Texas, 386.

GAINES, ASSOCIATE JUSTICE.—This was an action brought by appellee against the appellants as receivers of the International & Great North-

ern Railroad, to recover damages for personal injuries. At the time of the accident he was in the employment of appellants as a "pumper" upon the line of the railroad, and it was his duty to fill with water two tanks situated about thirteen miles distant from each other. To perform his work it was necessary to make frequent passages from one tank to the other, and in doing so he was permitted to ride upon any of the trains passing along the road. On the occasion when he was injured he was going in the discharge of his duty from one pump to the other, and was riding upon a freight train to which a caboose was attached. While riding in the caboose the train, in attempting to ascend an incline, came to a halt. Another being in the rear, the conductor called to him to bring him a flag to the rear of the car so that he might signal the approaching train to move up and push them up the grade. He brought the flag and took position in the rear door of the caboose. As the rear train approached he placed one foot upon the platform of the caboose for the purpose of bracing himself against the expected jolt. As the rear train struck the platform it gave way and precipitated him between it and the cowcatcher and injured his foot and ankle. He testified that he observed the platform just after the accident happened, and that he subsequently returned to the place and examined the remains which had been left upon the ground, and that the sills upon which the floor had been constructed were rotten. There was some testimony tending to show that the platform was not defective.

It is first complained that the court erred in overruling the demurrer to the petition. There was a demurrer filed, but the record does not show that it was acted upon by the court. A demurrer that is not insisted on is deemed to have been waived.

There were three special charges requested by the defendants, all of which the court refused to give, and their refusal is assigned as error. The first was that if the plaintiff's own negligence contributed to the injury he could not recover; the second to the effect that if the plaintiff voluntarily took a position on the platform, and that such place was not as safe as the interior of the car, he could not recover; and the third was, in substance, he was not entitled to a verdict if "the proximate cause of the injury was the carelessness of the train men in running the rear engine too violently against the platform." The general charge given by the court was full and clear and very distinctly presented the law applicable to the issues upon which the special instructions were requested. It was not proper to repeat the instructions, though they were presented in a different form.

The third assignment is that "the court erred in instructing the jury, in effect, that if the platform was defective and plaintiff was injured by reason of said defects they would find for the plaintiff."

The court did charge as appellants complain in the assignment, but the

instruction was accompanied by the qualification that if the defendant's own negligence contributed to the injury, or it was caused by the negligence of his fellow servants, he could not recover.

It is further complained that "the court erred in permitting plaintiff's counsel in his argument to the jury to state 'that there were more empty sleeves and lost legs in this country now, produced by railroads, than there were immediately after the war.'"

The words were spoken in the opening argument. Upon their being objected to as being improper, the court sustained the objection. If this was not deemed sufficient to remove any effect upon the minds of the jury, counsel for appellants should have asked a special instruction directing the jury that the matter referred to was not proper for their consideration. If refused a bill of exceptions could have been taken embodying the facts which made the charge pertinent. But if a charge was proper, its omission would not in the absence of a special request be a ground for a reversal of the judgment. There may be cases in which language used, especially in a closing argument, is so well calculated to arouse the prejudices of a jury as to make it proper to reverse a judgment, although the court may have done all in its power to destroy their effect. Especially will such language be closely scrutinized when the verdict is against the apparent weight of the evidence. But neither the words here spoken nor the facts in evidence present such a case.

It is also claimed that the court erred in not instructing the jury that the plaintiff was guilty of contributory negligence in standing on the platform of the caboose, and that they should find a verdict for the defendants. But should the court have said that it was negligence to stand on the platform? Clearly not. There is no statute which required the plaintiff to remain inside the car. Whether his action in taking a position on the platform was negligence or not was a question to be determined by the jury after considering all the circumstances. It did not appear that his act was in violation of the orders of the defendants.

There was no error in overruling the motion for a new trial. There was sufficient evidence to sustain a verdict for the plaintiff, and the amount of the recovery is not such as would authorize this court to set it aside as being excessive. The plaintiff has been made a cripple for life, and his capacity for earning money has been greatly impaired. He had at the time of the trial already suffered great physical pain, and according to the testimony his sufferings from his wound were likely to some extent occasionally to recur.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Delivered February 10, 1891.