St. Louis Southwestern Railway Company of Texas v. A. C. Morgan.

Decided November 7, 1906.

**1.—Railway—Passenger—Freight Train.**

A regulation forbidding the carriage of passengers on freight trains will not preclude recovery for personal injuries by one so riding, where it is shown that he was ignorant of the rule, was riding with the conductor's consent, and that the rule was habitually disregarded and no reasonable effort made to enforce it.

**2.—Contributory Negligence—Dangerous Position.**

The act of a passenger in riding in the cupola of a caboose, though such place was more dangerous than his proper place in the car, will not prevent a recovery where the position is not one of obvious danger and is such as a man of ordinary prudence might have occupied, these being questions of fact for the jury.

**3.—Conflicting Charges.**

A charge submitting the issue of plaintiffs' contributory negligence in riding in the cupola of a caboose as being dependent on whether a man of ordinary care would have done so, and one denying recovery if the place was one of

obvious danger referred to different questions and were not in conflict; nor were charges conflicting which merely exhibited respectively the affirmative and negative side of the same state of facts.

### 4.—Damages—Permanent Disability.

Evidence of the loss of an eye justifies a charge on the subject of permanent disability as an element of damages.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Clark & Bolinger*, for appellant.—The undisputed evidence showed that appellant at the time he was injured was riding on its freight train in violation of appellant's rules not to carry passengers thereon, and that he had notice of said rules; that he was on said freight train without the consent of appellant's conductor; had paid no fare for his transportation and had no authority to ride on said train; and was therefore a trespasser and not entitled to recover. Texas & P. Ry. Co. v. Black, 87 Texas, 160; San Antonio & A. P. Ry. Co. v. Lynch, 40 S. W. Rep., 631; Galaviz v. International & G. N. R. R. Co., 38 S. W. Rep., 234; Atchison & S. F. Ry. Co. v. Mendoza, 60 S. W. Rep., 327; Dalton Admr. v. Louisville & N. Ry. Co., 56 S. W. Rep., 657.

The evidence showed conclusively that appellee was guilty of contributory negligence, even if he had been a passenger, in that he abandoned the seats on the floor of the car, which were apparently safe and convenient, and voluntarily assumed a place of great danger in the roof of the car, seven or eight feet above the floor. St. Louis S. W. Ry. Co. of Texas v. Rice, 29 S. W. Rep., 525; Texas & P. Ry. Co. v. Boyd, 6 Texas Civ. App., 211; Texas & P. Ry. Co. v. Overall, 82 Texas, 247.

*Wear, Morrow & Smithdeal*, for appellee.—There was ample evidence to justify the finding of the jury, that at the time of the injury plaintiff was rightfully on said train as a passenger. Gulf, C. & S. F. Ry. Co. v. Campbell, 76 Texas, 174; Prince v. International & G. N. Ry. Co., 64 Texas, 144; San Antonio & A. P. Ry. Co. v. Lynch, 28 S. W. Rep., 252; Texas & Pac. Ry. Co. v. Hayden, 26 S. W. Rep., 332; Cook v. Houston D. Nav. Co., 76 Texas, 355; San Antonio & A. P. Ry. Co. v. Lynch, 40 S. W. Rep., 632; Texas & P. Ry. Co. v. Black, 87 Texas, 160; McGee v. Missouri P. R. Co., 4 S. W. Rep., 739; Whitehead v. St. Louis I. M. Ry., 11 S. W. Rep., 751; International & G. N. Ry. Co. v. Cock, 5 S. W. Rep., 635.

The question as to whether plaintiff was guilty of contributory negligence was one of fact. Mexican C. Ry. Co. v. Lauricella, 26 S. W. Rep., 303; Bonner & Eddy, Recv., v. Glenn, 79 Texas, 531; Gulf, C. & S. F. Ry. Co. v. Shelton, 69 S. W. Rep., 653; Gulf, C. & S. F. Ry. Co. v. Brown, 23 S. W. Rep., 618; Mills v. Missouri, K. & T. Ry. Co., 94 Texas, 254; Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 88; St. Louis S. W. Ry. Co. v. Ball, 66 S. W. Rep., 881; International & G. N. Ry. Co. v. Downing, 41 S. W. Rep., 190; Texas & P. Ry. Co. v. Funderburk, 68 S. W. Rep., 1006; Texas & P. Ry. Co. v. Adams, 72 S. W. Rep., 81; Sickles v. Missouri, K. & T. Ry. Co., 35 S. W. Rep.,

494; Gaunce v. Gulf, C. & S. F. Ry. Co., 48 S. W. Rep., 526; Missouri, K. & T. Ry. Co. v. Avis, 91 S. W. Rep., 877.

EIDSON, Associate Justice.—This is an action brought in the court below by appellee against appellant for damages for personal injuries received by appellee through the alleged negligence of appellant. The trial before a jury resulted in a verdict and judgment for appellee in the sum of $5,000.

Under its first and second assignments of errors appellant contends that the court below erred in refusing to grant it a new trial upon the ground that at the time appellee received his injuries he was a trespasser on appellant's train, in that he was riding on its freight train, in violation of appellant's rules prohibiting the carrying of passengers thereon, and that he had notice of such rules, and that he was on said freight train without the consent of appellant's conductor. We think the testimony as shown in the record is sufficient to justify the finding of the jury that appellee did not know that appellant, at the time in question, had a rule prohibiting passengers from riding on its freight trains, and that appellee was, at said time, on appellant's freight train with the consent of the conductor thereof. Hence we overrule said assignments of error. While it is true appellant proved that it had a rule prohibiting the use of its freight trains for carrying passengers without permission of its superintendent, or other special authority, the testimony in the record tends to show that at and prior to the date of the accident involved in this case, appellant's freight trains generally and habitually carried passengers without special authority to do so; and the testimony tends to show, if not actual knowledge thereof upon the part of the officers of appellant authorized to make and enforce rules, such a state of circumstances from which said officers, in the proper discharge of their duties, were bound to know that the rule in question was being violated; and the testimony also tends to show that such officers did not object to its violation, nor make any reasonable effort to enforce said rule. (Prince v. International & G. N. Ry. Co., 64 Texas, 144; Texas & Pac. Ry. Co. v. Black, 87 Texas, 160.)

Appellant's third assignment of error complains of the refusal of the court below to grant it a new trial upon the ground that the undisputed evidence shows that appellee was guilty of contributory negligence in causing his own injuries, by taking his seat in the cupola or roof of the car, instead of on the floor, as a position in the cupola was more dangerous than one on the floor of the car. We think the testimony in this case raises the issue as to whether the position taken by appellee in the cupola of the car was one of obvious danger, which was for the jury to determine, in view of all the evidence adduced on the trial upon that issue; and we think this issue was properly submitted to the jury by the charge of the court. We do not think the simple fact that a position in the cupola of a car would be more dangerous than one on the floor of such car would, of itself, render the act of appellee, in taking the former position, contributory negligence as matter of law; but it would be a question of fact to be determined by the jury, after considering all of the circumstances in evidence relating to such act. (Bonner & Eddy, Receivers, v. Glenn, 79 Texas, 531; Gulf,

C. & S. F. Ry. Co. v. Shelton, 69 S. W. Rep., 653; Mexican C. Ry. Co. v. Lauricella, 26 S. W. Rep., 303; International & G. N. Ry. Co. v. Downing, 16 Texas Civ. App., 647; St. Louis S. W. Ry. Co. v. Ball, 66 S. W. Rep., 881.)

Appellant's fourth assignment of error contends that the undisputed evidence shows that the seat occupied by appellee in the cupola at the time of the accident was one of obvious danger, and therefore the court erred in not granting it a new trial on the ground that the verdict of the jury was contrary to its special charge No. 4, given to the jury by the court. We do not agree with appellant in this contention. We think there was testimony authorizing the jury to find that, in view of the circumstances surrounding appellee at the time, he acted as a man of ordinary prudence in taking a seat in the cupola of the car.

The fourteenth paragraph of the court's charge complained of in appellant's sixth assignment of error, embodied a correct proposition of law as applied to the pleadings and evidence in this case. As before stated, the mere fact that it was more dangerous for appellee to ride in the cupola than on the floor of the car, did not make his act in so riding contributory negligence as matter of law, but it was a question of fact for the jury to determine whether such act, in view of all the surrounding circumstances, constituted contributory negligence; and this was what the court, in effect, charged the jury in the paragraph of which complaint is made. There was no conflict between the fourteenth paragraph of the court's general charge and appellant's special charge No. 4, given by the court to the jury. The former instructed the jury, in effect, that if they believed from the evidence that it was more dangerous to ride in the cupola than on the floor of the car, but that a person of ordinary prudence would have, under the circumstances surrounding appellee, occupied the position occupied by appellee in the cupola, appellee would not be guilty of contributory negligence on account of taking such position. And said special charge instructed the jury that if they found that the place occupied by appellee in the cupola was one of obvious danger, they should find for the appellant. These instructions related to two different legal propositions raised by the evidence, and are not in conflict.

Appellant's eighth assignment of error contends that there is a conflict between the thirteenth and fourteenth paragraphs of the court's general charge. In our opinion these paragraphs are not in conflict. They simply submit to the jury the affirmative and negative sides, respectively, of the same state of facts, but leave to the jury the determination of the question of negligence *vel non,* which was entirely proper.

As has already been indicated, we think there was testimony sufficient to raise the issues as to whether appellant was using ordinary diligence to enforce its rule prohibiting the carrying of passengers on its freight trains, and as to whether appellee knew of the existence of such rules, and to authorize the submission of such issues to the jury for their determination; and we think the findings of the jury on these issues necessarily involved in their verdict, are amply supported by the evidence. Hence we overrule appellant's ninth assignment of error.

The court's charge on the measure of damages was authorized in view of the testimony showing that appellee had permanently lost the vision

of his left eye as a result of the injury alleged to have been caused by the negligence of appellant.

There being no reversible error pointed out, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.