TEXAS EMPLOYERS' INS. ASS'N v. NELSON et al.   (No. 2783.)

(Court of Civil Appeals of Texas. Amarillo. March 2, 1927.)

1. Appeal and error ⟨⟩500(2)—Exceptions are conclusively presumed waived, where record, on appeal, failed to show their disposition by court.

On appeal from the district court, general and special exceptions, whose disposition by the trial court is not shown by record, are conclusively presumed to have been waived.

2. Master and servant ⟨⟩418(4)—Court can consider only fundamental errors, in absence of bills of exception, in workmen's compensation suit.

On appeal, under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.) where there are no bills of exception to the admission and exclusion of evidence by the trial court, the Court of Civil Appeals can consider only fundamental errors.

3. Master and servant ⟨⟩417(4½)—Allegations and proof of notices, claim, and commencement of suit are jurisdictional, in proceeding in district court, under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306, 8307).

Allegations and proof, in proceeding in district court, under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), of notice to subscriber of injury, claim to Indemnity Accident Board within 6 months from injury, notice within 20 days to Accident Board and adverse party of refusal to abide by decision, and commencement of suit within 20 days thereafter, as provided by Vernon's Ann. Civ. St. 1925, arts. 8306 and 8307, are jurisdictional.

4. Master and servant ⟨⟩417(1)—District court is court of "limited jurisdiction" in enforcing Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.).

The district court, in enforcing the provisions of the Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), is court of "limited jurisdiction," the remedies for enforcement being statutory, mandatory, and exclusive, requiring compliance in all respects.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Limited Jurisdiction.]

5. Master and servant ⟨⟩394—Each step prescribed in progress of claim, under Workmen's Compensation Law, is essential to jurisdiction (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.).

Each step in progress of a claim from time of injury to final adjudication is a mandatory requirement, under the Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), necessary to the exercise of jurisdiction by the first and succeeding statutory agencies.

6. Master and servant ⟨⟩417(4½)—Pleading, not showing notices and commencement of suit, held insufficient, under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.).

Pleading and evidence did not show district court's jurisdiction, under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), which failed to show notice of injury, claim to Accident Board, date and conditions of board's award, notice of refusal to abide by its decision, and commencement of suit, as required by law.

7. Master and servant ⟨⟩417(4½)—Notice required by Workmen's Compensation Law or waiver thereof must be expressly pleaded in district court (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.).

Since statutory notice to employer and insurer, or showing of facts constituting its waiver, are essential to jurisdiction of the district court, under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.),

they must be expressly pleaded and proved and cannot be presumed from other allegations.

**8. Courts ⬤⟹33—Court of general jurisdiction, exercising power wholly derived from special statute, is limited thereby, and jurisdictional facts must appear in record.**

A court of general jurisdiction, acting under special power wholly derived from a legislative act, cannot act beyond powers thus granted, and no presumptions can be indulged in favor of such jurisdiction, but the record itself must disclose all essential facts.

**9. Master and servant ⬤⟹385(20)—Lump sum judgment is authorized, under Workmen's Compensation Law, only where party has been totally incapacitated (Vernon's Ann. Civ. St. 1925, art. 8306, § 15).**

Before a lump sum judgment is authorized, under Vernon's Ann. Civ. St. 1925, art. 8306, § 15, it must appear that party injured has been killed or permanently and totally disabled.

**10. Master and servant ⬤⟹385(20)—Court held without jurisdiction to render lump sum judgment, under Workmen's Compensation Law, for 60 per cent. partial disability (Vernon's Ann. Civ. St. 1925, art. 8306, § 15).**

Trial court was without jurisdiction to render a lump sum judgment for partial disability amounting to 60 per cent., in view of Vernon's Ann. Civ. St. 1925, art. 8306, § 15, providing that lump sum settlements may be made only in case of death or permanent total disability.

**11. Master and servant ⬤⟹417(5)—Failure to prove claimant's employer subscriber is fatal to jurisdiction of district court, under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.).**

In proceeding in district court, failure to prove employer of claimant was subscriber, within meaning of Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), is fatal to jurisdiction.

Appeal from District Court, Hall County; R. L. Templeton, Judge.

Suit by D. W. Nelson, a minor, by his next friend, and another against the Texas Employers' Insurance Association to reverse an award of the Industrial Accident Board. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Elliot, Moss & Grundy, of Memphis, and John R. Gray, of Dallas, for appellant.

Puntney & Puntney, of Amarillo (Carter J. Lynch, of Chattanooga, Tenn., of counsel), for appellees.

RANDOLPH, J. This suit was filed by D. W. Nelson, minor, by his next friend, to recover compensation for injuries, which suit is an appeal from an award of the Industrial Accident Board. On trial in the district court judgment was rendered for plaintiff, and the defendant, insurance company, has appealed.

[1] The questions presented under the assignments of error, attacking the ruling of the trial court in overruling the general and special exceptions, cannot be considered for the reason that there is nothing in the record to show what disposition, if any, the trial court made of such demurrers or exceptions. Hence such exceptions are conclusively presumed to have been waived. Bonner & Eddy, Receivers, etc., v. Henry Glenn, 79 Tex. 531, 533, 15 S. W. 572; Pullman Co. v. Vanderhoeven, 48 Tex. Civ. App. 414, 107 S. W. 147; Hooker v. Williamson, 60 Tex. 524.

[2] There are no bills of exception to the action of the trial court in admitting or excluding evidence, and our consideration of matters involved in this appeal is necessarily limited to the consideration of such errors as are fundamental.

[3] In order to sustain the jurisdiction of the district court in rendering the judgment it did render in this case, the plaintiff must have alleged and proved: (1) Notice to the subscriber of the injury; (2) a claim for compensation must have been made by the injured party to the Industrial Accident Board within six months after the occurrence of such injury; (3) the party dissatisfied with the final ruling or decision of the Accident Board shall, within 20 days after the rendition of such final decision, give notice to the board and to the adverse party that he will not abide by such final decision, and shall, within 20 days after giving such notice, bring suit in the county where the injury occurred to set aside such final decision of the board. Articles 8306 and 8307, Vernon's Ann. Texas Statutes 1925.

[4] The district court, in enforcing the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), is a court of limited jurisdiction—the remedies for such enforcement being derived from the statutes, the statutory provisions are mandatory and exclusive and must be complied with in all respects, or the action is not maintainable.

[5] "Each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies." Mingus v. Wadley, 115 Tex. 551, 558, 285 S. W. 1084, 1087.

[6] The pleading and evidence in this case are both deficient, and the questions presented have a basis in such deficiencies for the defendant's objections. The petition, as a whole, and the evidence fail to show that the district court of Hall county had jurisdiction to render the judgment in this case. There is no evidence that any notice of the injury was given; no proof is made that the claim for compensation was made to the board within six months after such injury; no proof is made as to the time of the rendition of the final award by the board, or

---

the conditions of the award, there being no transcript of the proceedings before the Accident Board contained in the district court proceedings now before us. No notice is shown in the record, served upon any one, that the appellee did not abide by the result of the board's decision; no proof by which it can be determined whether or not the suit in the district court was brought within the time required by law.

[7] Appellees insist that the requirement as to statutory notice, etc., is inapplicable because the employer and the insurer had actual knowledge of same, that there was good cause for the waiver of such notice, and, further, that the defendant, insurance company, had voluntarily assumed its obligation to the plaintiff and tendered him a check for a part of the compensation, and that he had pleaded that, by reason of defendant's failure to pay him adequate compensation, he was obliged to and did submit his claim to the Industrial Accident Board. This is not an allegation that the required notice was given, or that it was given in time, or that such notice was thereby waived. We are not required to scan a petition for the purpose of selecting certain portions which present allegations of fact, made for the purpose of sustaining one proposition, and to say that by intendment it also presents another and different proposition of pleading and authorizes the presumption that the required notice was waived. In view of the fact that the notice, or allegation and proof of its waiver, is a matter going to the jurisdiction of the court to try the case, an express pleading and proof setting up the giving of the notice are, in lieu thereof, required, and such facts as would constitute a waiver are required to be alleged.

[8] A court of general jurisdiction, acting under the grant of special power wholly derived from a legislative act, cannot act beyond the power thus granted, and no presumption or intendment can be indulged in favor of such jurisdiction, but the record itself must disclose the facts which authorize it to act, and it must appear that the jurisdiction thus assumed is within the limits of the legislative grant. Employers' Ind. Corp. v. Woods (Tex. Civ. App.) 230 S. W. 461, 464. The last-named case cites the following cases as authority for its holding: Middleton v. Power & Light Co., 108 Tex. 96, 185 S. W. 560; C. J. Workmen's Compensation Acts, p. 126, § 133; Hollywood v. Wellhausen, 28 Tex. Civ. App. 541, 68 S. W. 329; Hill v. Lofton (Tex. Civ. App.) 165 S. W. 67; Mitchell v. Runkle, 25 Tex. Supp. 137; Georgia Casualty Co. v. Ward (Tex. Civ. App.) 220 S. W. 380; Tex. Em. Ins. Ass'n v. Roach (Tex. Com. App.) 222 S. W. 159; 15 C. J. 842; C. J. W. C. A. p. 126, § 133.

Again, as this is a statutory requirement and a waiver is relied on to excuse the party from the necessity of performance of same, such waiver must be expressly pleaded and proved for that purpose. Scarbrough v. Alcorn, 74 Tex. 358, 12 S. W. 72; Van Zandt v. Desdemona Ind. School Dist. (Tex. Civ. App.) 283 S. W. 626; Wolff v. Cohen (Tex. Civ. App.) 281 S. W. 646, 651; Am. Mutual Ben. Ass'n v. Language (Tex. Civ. App.) 281 S. W. 233; Shelton v. Lemmon (Tex. Civ. App.) 268 S. W. 177, 178.

The allegations and proof of daily wages furnish a full basis for the calculation of the weekly wage, but, in view of the case having to be retried, it will be well for the plaintiff to amend and make full this allegation.

Because there is evidence to support the judgment of the trial court as to the amount of weekly compensation found by the judgment of that court, and, in view of another trial, we will not discuss the question of the sufficiency of the evidence to warrant such judgment fixing the weekly compensation.

[9] Before a lump sum judgment is authorized, it must appear that the party injured has been killed or has been permanently and totally incapacitated. Section 15, article 8306, Vernon's Ann. Texas Statutes 1925, provides as follows:

"In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board. This section shall be construed as excluding any other character of lump sum settlement except as herein specified. In special cases wherein the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases *provided for in this section* to redeem their liability by payment of a lump sum as may be determined by the board." (Emphasis ours.)

[10] The trial court in this case in his findings in the judgment—there being no findings of fact or conclusions of law otherwise filed herein—found that there was only a partial disability amounting to 60 per cent., but, notwithstanding this finding, that court rendered a lump sum judgment. This was in face of the statute cited.

In the case of Texas Employers' Insurance Ass'n v. Pierce (Tex. Civ. App.) 230 S. W. 872, where the jury found that manifest hardship or injustice would result to appellee if he was not permitted to recover such lump sum, and where the jury also found that the incapacity was only partial, the Texarkana Court of Appeals held that such judgment was not authorized by law as coming within "special cases" provided for in said section 15; that such special cases referred to "evidently were cases where death or total permanent incapacity resulted from the injury, for they were the 'cases provided for in this section,' in which alone the board was authorized to compel the association to pay

the compensation the employee was entitled to in a lump sum." See, also, Ætna Life Insurance Co. v. Rodriguez (Tex. Civ. App.) 255 S. W. 446, 447, for a full discussion of this question, and for the holding that section 15 provided for a lump sum settlement only where the injury resulted in death or permanent total incapacity.

The Supreme Court dismissed the application for writ of error in the Pierce Case, supra, for want of jurisdiction, but it does not appear that application for writ of error was made in the Rodriguez Case.

We are of the opinion that the holding of the Pierce and Rodriguez Cases is correct, and therefore hold that the trial court was without jurisdiction to render a lump sum judgment in this case. See, also, Am. Ind. Co. v. Hubbard (Tex. Civ. App.) 196 S. W. 1011, 1012.

[11] There is no proof in the record that the employer of the plaintiff was a "subscriber," within the meaning of the Workmen's Compensation Act. This, in itself, is fatal to the recovery of the judgment herein. Texas Employers' Ins. Ass'n v. Pierce, supra.

For the reasons that matters complained of in some of the assignments not discussed by us are not likely to arise on another trial, and that others are immaterial to the decision of this appeal, we will not discuss such other assignments in this opinion.

For the reasons indicated, the judgment of the trial court is reversed and the cause remanded.