TEXAS   EMPLOYERS'   INS.   ASS'N   v. WRIGHT et al.   (No. 2841.) *

Court of Civil Appeals of Texas.   Amarillo. June 15, 1927.

Rehearing Denied June 29, 1927.

**1. Appeal and error ⟷500(2)—Propositions that overruling demurrer to answer was error, held waived, where order overruling demurrer was not in record.**

Propositions that trial court erred in overruling general demurrer to answer *held* waived, where no order overruling the general demurrer appeared in the record.

**2. Master and servant ⟷417(4½)—Insurer suing to set aside award must plead notice of injury and claim for compensation within statutory time.**

In workmen's compensation proceedings where insurer appeals by suit to set aside award, insurer occupies the position of plaintiff and has the burden of pleading and proving that notice of injury was given within 30 days after the injury and that claim for compensation was made within 6 month after the injury.

**3. Master and servant ⟷417(4½)—Insurer suing to set aside award must plead jurisdictional facts showing matter was properly pending before Compensation Board and award thereon.**

In workmen's compensation proceedings where the insurer seeks to secure an appeal and trial de novo by suit to set aside an award, the insurer has the burden of proving all jurisdictional facts necessary to show that the matter was properly pending before the Industrial Accident Board and award thereon.

**4. Master and servant ⟷417(4½)—Pleading of insurer suing to set aside award of compensation, showing pendency of claim and award, held to inure to employee's benefit.**

In a suit to set aside award of compensation brought by insurer, its pleading showing pendency of claim and the award thereon by the Industrial Accident Board *held* to inure to the benefit of the employee, since, where either party pleads a fact, the pleading inures to the benefit of the other party.

**5. Master and servant ⟷417(4½)—Agreement between parties that case was "properly" before court held to admit that claim for compensation was made in time.**

In suit to set aside award of compensation, agreement between parties that the matter was properly before the court for hearing *held* to admit that claim for compensation was made in due time within 6 months from date of the injury; "properly" meaning in a proper manner, with propriety, fitly, suitably, correctly, so that a case properly before the court was before court with everything necessary to place it correctly before the court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Properly.]

**6. Stipulations ⟷14(1)—Meaning of stipulation in lower court in compensation case must be determined from language.**

In determining the meaning of a stipulation in lower court between counsel, in suit to set aside award of compensation, the Court of Civil Appeals is controlled by the language used in the agreement.

**7. Stipulations ⟷14(1)—Court of Civil Appeals has no power to correct stipulation of counsel in lower court to express real agreement.**

Where stipulation between counsel in lower court does not express the real agreement between them, counsel should move to correct it in the lower court, as there is no power to correct it vested in the Court of Civil Appeals.

**8. Stipulations ⟷14(1)—Stipulation between counsel in compensation case must be given fair and reasonable interpretation.**

In interpreting a stipulation between counsel in suit to set aside award of compensation, words "case is now properly before this court" must be given such meaning as is consistent with fair and reasonable interpretation so as best to attain the apparent object.

**9. Master and servant ⟷385(20)—Award of compensation by lump sum settlement held not reversible as to insurer.**

In suit to set aside award of compensation, fact that the court awarded a lump sum settlement rather than weekly payments *held* not to entitle the insurer to a remedy, where it sustained no injury by reason of award of lump sum settlement.

**10. Master and servant ⟷385(20)—Lump sum award is discretionary with trial court and will not be disturbed unless discretion is abused.**

Whether a compensation claimant should be awarded a lump sum settlement is a matter rest-

---

ing in the discretion of the trial court, and the trial court's finding and conclusion cannot be disturbed on appeal unless its discretion is abused.

**11. Judgment ⟨key⟩18(2)—In absence of pleading authorizing recovery, judgment will not ordinarily stand.**

It is the general rule that, in the absence of a pleading authorizing recovery, the judgment will not stand.

**12. Master and servant ⟨key⟩385(20)—Lump sum award is not reversible as to insurer because necessity is not pleaded where proper discount is made.**

Failure of compensation claimant to plead necessity of lump sum settlement does not make its award reversible error as to insurer where proper discount is made from the future payments to determine the present value, since the insurer suffers no injury.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Suit to set aside an award of compensation brought by the Texas Employers' Insurance Association, insurer, against W. E. Wright, employee, and another. From a judgment for defendants, plaintiff appeals.

Lawther, Pope, Leachman & Lawther, of Dallas, for appellant.

J. H. Randell, of Denison, for appellees.

RANDOLPH, J.   Appellant filed this suit in the district court of Grayson county to set aside the final award of the Industrial Accident Board in the matter of the claim for compensation by appellees.

The case was tried before a jury on special issues, and judgment was rendered for the defendants upon the jury's answers to such issues, and appeal was taken from such judgment to this court.

The appellee Wright was an employee of the Denison Cotton Mill Company, operating a steam elevator, and was injured while in such employment.

[1] By its propositions Nos. 1 to 4, appellant urges error on the part of the trial court in overruling its general demurrer to defendants' answer, for the reason that such answer did not plead that the notice of the injury to the defendant was given to the appellant or to the subscriber within 30 days after the happening of the injury, and that claim was made for compensation upon appellant or the subscriber and the Industrial Accident Board within 6 months after the happening of the alleged injury.

[2, 3] These propositions cannot be sustained because there is nothing in the record which discloses that such action was taken by the trial court—there is no order overruling said general demurrer. Hence it is presumed to have been waived. Bonner & Eddy, Receivers, v. Glenn, 79 Tex. 531, 15 S. W. 572;

Texas Employers' Ins. Ass'n v. Nelson (Tex. Civ. App.) 292 S. W. 651, 652.   In the case at bar, the appellant occupies the position of plaintiff, and it was incumbent on it to plead and prove the notice and claim which it asserts that the defendant failed to allege. The plaintiff's petition clearly pleads the fact that an award was made—a final decision in the matter of W. E. Wright, employee, against Denison Cotton Oil Mill, employer, and the Texas Employers' Insurance Association, insurer, wherein the Texas Employers' Insurance Association was commanded to pay W. E. Wright and his attorney "an amount sufficient to give this court jurisdiction"; that the injury to defendant Wright, which was the basis of the award made by the board, occurred in Grayson county; that appellant gave notice in due time to the defendants that it was not willing to abide by the aforesaid decision made by said board, and now says that it is not willing to abide by same, and prays that, on hearing hereof in the district court, it have a decree setting aside and holding for naught the award so made by said board.   There is also included in the transcript of the proceedings brought up from the trial court a certified copy of the proceedings before the Industrial Accident Board, wherein it is recited that due notice had been given to all parties at interest in the hearing before the Accident Board.

It will be seen that it was incumbent on the appellant, as plaintiff, to plead the very matters and things that it complains of the defendant not doing.   In part, the plaintiff has so pleaded to show the pendency of the claim and the award thereon by the Industrial Accident Board.

The defendant and his attorney adopt the allegations contained in paragraphs 1, 2, 3, and 4 of plaintiff's petition and make them a part of their answer.   These paragraphs contain the pleading showing the pendency of the claim before the board.   Defendant Wright expressly pleads that he gave notice of said accident and injury to the insurer, plaintiff, and to the employer, the Denison Cotton Mill Company, within 30 days from the date of the injury.   With the exception of the absence from the pleading of any averment that claim was made within 6 months to the Industrial Accident Board, all the matters complained of have been properly pleaded either by the plaintiff or the defendant.

It will therefore be seen that the case of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, Texas Employers' Ins. Ass'n v. Nelson, supra, relied on by appellant to support its contention, furnish abundant authority for our holding here that it devolved on the plaintiff to plead all such jurisdictional facts necessary to show that the matter complained of by it was properly pending before the In-

dustrial Accident Board, in order to permit its appeal and trial de novo in the district court.

[4] It is 'elementary' that, where either party pleads a fact, such pleading inures to the benefit of the other party.

[5] Under its proposition No. 5, appellant contends that it was "mandatory upon appellees to prove that they made claim for compensation upon appellant or subscriber and the Industrial Accident Board within six months of the alleged injury, and the record showing no evidence of same, the trial court should have instructed a verdict for appellant."

The necessity for plaintiff proving that such claim for compensation had been made within six months from the date of the alleged injury, and any such necessity for defendant 'to make such proof, if it was incumbent on him to do so, was obviated by the following agreement which is incorporated in the statement of facts signed by the attorneys for all parties, duly approved by the trial judge, filed in the trial court in due time, and brought up for our consideration here, to wit:

"It is agreed between the parties to this suit that this matter was presented under the statute to the Industrial Accident Board, and that within the statutory time the Insurance Association perfected its appeal to this court, and this case is now properly before this court for hearing."

At the same time it was admitted by the plaintiff that the policy of insurance was in full force at the time of the accident to Mr. Wright, and that it covered the particular accident at the time.

[6-8] It is strenuously insisted by appellant's counsel that, in making this agreement, it was his understanding that it applied purely to the matter of appeal from the award. We cannot so construe the agreement. What counsel had in mind at the time he made and signed the agreement must appear from the written instrument itself, and we cannot institute any inquiry in this court as to such intention, but are controlled by the very language contained in the agreement. If the instrument quoted does not speak the real agreement entered into, the counsel for appellant should have moved in the lower court to have it corrected. We have no such power vested in us. The trial court gave to such agreement the interpretation that we are giving it here and rendered judgment in accordance with such interpretation. The words "is now properly before this court" must be given such meaning as is consistent with a fair and reasonable interpretation so as best to obtain the apparent object to which it is applied. 33 C. J. 473.

"Properly" is defined in 32 Cyc. 638, "In a proper manner; with propriety; fitly, suitably; correctly."

If the case was properly before the court, it was there with everything necessary to place it correctly before the court. This is not a matter of waiver, but of agreement.

The refusal of the trial court to instruct a verdict for plaintiff because of the insufficiency of the evidence to show the total disability of the plaintiff is assigned as error. It will serve no useful purpose for us to quote from the statement of facts, the evidence sustaining such verdict. We think the evidence is amply sufficient. Georgia Casualty Co. v. Little (Tex. Civ. App.) 281 S. W. 1092.

[9] The appellant assigns error on the action of the trial court in awarding to the defendant a lump sum settlement.

On June 10, 1926, the jury returned into open court their verdict by way of answers to special issues, submitted to them by the court. On the 18th day of June, 1926, the defendant filed his motion for judgment, and thereafter the court heard evidence upon the issue as to whether or not there was manifest hardship and injustice done the defendant by a judgment decreeing weekly payments, and, finding the fact to be that, unless such lump sum settlement was made, defendant would suffer hardship and injustice, thereupon awarded defendant a lump sum settlement.

The defendant did not plead the necessity for such lump sum settlement, neither did he ask for it in his motion for judgment. Such issue was not submitted to the jury for their determination. Appellant makes no complaint of want of notice of the hearing held by the trial court, and no injury to the appellant is shown. Unless the appellant shows injury, the error of the trial court, if any, would not entitle appellant to a remedy. 17 C. J. 1125.

[10] The jury found that the defendant was totally incapacitated for life. The trial court, independent of the jury, found the necessity for a lump sum award because the failure to make such award would inflict manifest injury upon the defendant. Our courts have uniformly held that the awarding of such lump sum judgments was discretionary with the trial court, and unless this discretion is abused such finding and conclusion cannot be disturbed on appeal.

[11, 12] It is true, ordinarily, that, in the absence of pleading authorizing a recovery, the judgment will not stand, but as our courts have also held that the compensating company has suffered no injury, where a proper discount has been made on the weekly payments, such assigned error does not call for a reversal of the case.

In the case of Consolidated Underwriters v. Saxon, 265 S. W. 143, the Commission of Appeals, speaking by Judge Hamilton, says:

"At any rate, the lump sum is discounted and only its present value is paid when a lump sum is allowed. Hence no hardship is worked on the Insurance Company or association by

such a settlement. Its only contention justly to be made would be that a proper discount had not been made."

In the case of Georgia Casualty Co. v. Little, 281 S. W. 1092, 1095, the Austin Court of Civil Appeals holds:

"The question of a lump sum payment is a matter addressed largely to the discretion of the trial court, and in the absence of abuse of such discretion, his judgment should be sustained. Texas Employers' Ins. Ass'n v. Boudreaux (Tex. Civ. App.) 238 S. W. 697; Texas Employers' Ins. Co. (Ass'n) v. Downing (Tex. Civ. App.) 218 S. W. 112. In any event where a proper discount, reducing future payments to a present value, is made by the trial court, the insurance company is not injured, and should only be heard to complain that proper discount had not been made" (citing the Saxon Case, and also Travelers' Ins. Co. v. Smith [Tex. Civ. App.] 266 S. W. 576, and Texas Employers' Ins. Ass'n v. Herring [Tex. Civ. App.] 269 S. W. 249).

In this case, there being no injury shown, the assignment presenting the error of the trial court in awarding such lump sum to defendant is overruled.

There being no reversible error presented, we overrule all assignments and affirm the judgment of the trial court.