**TEXAS EMPLOYERS' INS. ASS'N v. SCHOEPPEL. (No. 1719.)**

Court of Civil Appeals of Texas. Beaumont. Oct. 4, 1928.

Morris, Sewall & Morris, of Houston, for appellant.

Rose & Johnson, of Port Arthur, for appellee.

O'QUINN, J. This is an appeal from a judgment of the district court of Jefferson county sustaining an award made by the Industrial Accident Board in favor of appellee. Walter Schoeppel, appellee, on or about November 8, 1925, was employed by the Spence & Howe Construction Company as a laborer engaged in pile driving, on which date he received the injury for which compensation was awarded. The Spence & Howe Construction Company carried insurance under the Workmen's Compensation Act with appellant.

Appellant's first and second propositions are based upon its first and second assignments of error, which challenge the action of the court in overruling its general demurrer to appellee's petition in cross-action for compensation, and its third and fourth propositions are based upon its third and fourth assignments of error, which assert that the court erred in refusing to give its special requested charge for an instructed verdict in its favor. As these raise the same question, they will be considered together.

It is insisted that the court should have sustained appellant's general demurrer, and should have given appellant's special requested charge for an instructed verdict in its favor, because appellee's petition in cross-action failed to state a cause of action, or, in other words, said petition failed to allege facts necessary to give the court jurisdiction to hear and determine the matter, in that said petition failed to allege that claimant, appellee, gave notice of his injury to his employer or to the insurance association within 30 days after the occurrence of the injury, or that he filed his claim for compensation before the Industrial Accident Board within six months after the happening of his injury.

We think the assignment should be sustained. Article 8307, section 4a, R. C. S. 1925, provides that no proceeding for compensation for injury under the Workmen's Compensation Act shall be maintained unless notice of the injury shall have been given to the association or subscriber within 30 days after the happening of the injury, and unless a claim for compensation with respect to such injury shall have been made within 6 months after the occurrence of the injury. Article

8307, § 5, provides that any party to a proceeding before the Industrial Accident Board who is not willing and does not consent to abide by the final ruling and decision of said board shall, within 20 days after the rendition of the final ruling and decision by said board, file with said board notice that he will not abide by said final ruling and decision, and shall, within 20 days after giving such notice, bring suit in the county where the injury occurred to set aside such final ruling and decision, and that when such suit is brought the trial shall be de novo, and that the burden of proof shall be upon the party claiming compensation. Under the law, it makes no difference which of the parties to the proceedings before the board takes an appeal to the district court; there the trial is de novo and the burden is on the claimant of compensation. In other words in all trials in the courts of cases of this character, the claimant of compensation is made the plaintiff, and as such must plead and prove the matters required by the law to give the court jurisdiction and to sustain the judgment there rendered. That being true, in order to sustain the jurisdiction of the district court in rendering the judgment it did render in this case, the plaintiff, that is, the claimant for compensation, Walter Schoeppel, appellee here, must have alleged and proved, (a) notice to the subscriber or the association of the injury within 30 days after the same happened, and (b) a claim for compensation by the injured party to the Industrial Accident Board within 6 months after the occurrence of such injury, because without such allegations and proof he could not maintain his cross-action for compensation.

"The district court, in enforcing the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), is a court of limited jurisdiction—the remedies for such enforcement being derived from the statutes, the statutory provisions are mandatory and exclusive and must be complied with in all respects, or the action is not maintainable." Texas Employers' Ins. Ass'n v. Nelson (Tex. Civ. App.) 292 S. W. 652.

"Each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies." Mingus v. Wadley, 115 Tex. 551, 558, 285 S. W. 1084, 1087.

■ The pleading and the evidence in the instant case are both deficient. It is not alleged by either appellant or appellee that notice of the injury was given or that claim for compensation for the injury was ever made. Neither is there any evidence as to such being the case. While we hold that it was incumbent upon appellee as compensation claimant to both allege and prove these facts, yet if the notice of injury and claim before the Industrial Accident Board for compensation had been alleged by appellant, it would have inured to the benefit of appellee, and he could have made proof of same; but as no such pleading was made by either party, no such proof could have been made, and, in fact, none was attempted to be made. These are jurisdictional matters and must be pleaded and proved in order to give the court jurisdiction to hear and render judgment in the matter. If for any reason notice of the injury was not given, nor claim for compensation within six months after the occurrence of the injury was made, then the reason for not giving the notice and for not making the claim for compensation should have been pleaded by appellee. Texas Employers' Ins. Ass'n v. Martin (Tex. Civ. App.) 296 S. W. 639; Texas Ins. Ass'n v. Davies (Tex. Civ. App.) 6 S.W.(2d) 792.

But appellee, in his first counter proposition, urges that—

"In a compensation proceeding where the insured pays compensation as it accrues for 47 weeks subsequent to the injury, the giving of notice of the injury within 30 days and filing claim for compensation within six months after the occurrence of the injury, is not a prerequisite to the maintenance of a proceeding for the recovery of compensation."

■ Under the statute, article 8307, § 4a, notice of injury must be given, or if notice has been waived formally or in effect, then the waiver must be pleaded and proof of waiver made. Texas Employers' Ins. Ass'n v. Nelson (Tex. Civ. App.) 292 S. W. 653; Texas Employers' Ins. Ass'n v. Davies (Tex. Civ. App.) 6 S.W.(2d) 793. Furthermore, not only is there no pleading here showing waiver, but there is no proof of payment of compensation for 47 weeks subsequent to the injury, or for any other period of time.

■ Appellee, by his second counter proposition, contends that—

"Where, in a compensation claim, the insurer appeals from the Board's award and alleges a final decision of the Board, notice of refusal to abide by it, and the filing of suit within twenty days, the presumption is in favor of the court's jurisdiction, and it is not incumbent upon claimant to plead notice of injury within thirty days, and filing of claim for compensation within six months."

■ This contention is not sound. The rights to be enforced in workmen's compensation proceedings and all the remedies provided therefor are purely statutory, and the general rule is that where the cause of action and the remedy for its enforcement are derived, not from the common law, but from the statute, the statutory provisions are mandatory and must be complied with in all respects, or the action is not maintainable. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. The statute provides that when either party to a compensation proceeding appeals from the final award of the Industrial Acci-

dent Board, the trial shall be de novo and that the burden of proof shall be upon the compensation claimant. Each step in the proceedings is a mandatory requirement necessary to the exercise of jurisdiction by the court. The jurisdiction cannot be presumed, but the facts necessary to give jurisdiction, if not agreed to, must be alleged and proven. As was said by Judge Randolph in Texas Employers' Ins. Ass'n v. Nelson (Tex. Civ. App.) 292 S. W. 653:

"A court of general jurisdiction, acting under the grant of special power wholly derived from a legislative act, can not act beyond the power thus granted, and no presumption or intendment can be indulged in favor of such jurisdiction, but the record itself must disclose the facts which authorize it to act, and it must appear that the jurisdiction thus assumed is within the limits of the legislative grant."

As sustaining his contention that it was not incumbent upon him to plead notice of injury and filing of claim for compensation, appellee, by way of argument, says that it was the duty of appellant, it appealing from the award of the board, to allege the facts necessary to give jurisdiction to the district court to hear and determine the matter, and cites up to the case of Texas Employers' Ins. Ass'n v. Wright (Tex. Civ. App.) 297 S. W. 764, as sustaining his contention. In this case it is held that the insurance company having appealed from the award and having brought suit to set the award aside, it was plaintiff, and as such it was incumbent upon it to plead and to prove that notice of injury and claim for compensation had been made, as required by law, the jurisdictional matters that it complained the claimant had not alleged. We cannot agree with this construction of the statute, article 8307, § 5. It plainly says that when either of the parties to the proceedings before the Industrial Accident Board appeals from the final order and decision of the board to the district court, the trial in the district court shall be de novo, and that the burden of proof shall be upon the party claiming compensation. This makes the claimant for compensation, regardless of whether he is the appealing party or not, the plaintiff in the district court as to the right to recover compensation, and, in order that he may maintain his suit for compensation, he must allege and he must prove every fact necessary to give the district court jurisdiction to hear and enter judgment in the case. As we have above said, if the other party has made the necessary allegations to give the court jurisdiction, he may avail himself of these allegations without repleading them, but the matters to be alleged are jurisdictional and must be pleaded by one of the parties; the intendment of the statute being that primarily the burden of such pleading and proof shall be upon the claimant for compensation and not upon the insurance company appealing, else how could the claimant meet the burden of proof placed

upon him? In the Wright Case, all facts necessary to the jurisdiction of the court, except that of claim for compensation within six months after the happening of the injury, had been pleaded by the appellant, and the appellee had adopted the pleadings of the appellant as to the facts pleaded. It also appeared that the record contained an agreement of the parties as to the existence of certain facts, among which was, "This case is now properly before this court for hearing," which was held, in connection with the other facts which were pleaded, to show all the facts necessary to give the court jurisdiction to hear and determine the questions presented, and because of which the judgment of the trial court was affirmed. Not so in this case. Writ of error was granted in the Wright Case and the judgment affirmed by the Supreme Court on opinion by the Commission of Appeals. 4 S. W. (2d) 31. In the Wright Case, as shown by the opinion of the Commission of Appeals, the major proposition asserted by the plaintiff in error was:

"In a suit to set aside an award of the Industrial Accident Board under the Employers' Liability Act it is necessary for the party claiming compensation to allege and prove that claim for compensation for injury in the course of the employé's employment was given to the Industrial Accident Board and the insurer within six months after the happening thereof; and failure so to do is jurisdictional and defeats said cause."

As corollary propositions to the major proposition, it was asserted:

(a) "Jurisdictional allegations are an integral and necessary part of the case, without which there is no cause of action;" and

(b) "No presumptions or intendments will be indulged in to give a court jurisdiction, especially so in a proper statutory proceeding where all the statutory provisions are mandatory and exclusive."

In discussing these propositions the court said:

"While these corollary propositions are accurate statements of the law, and while plaintiff in error's major proposition may for the decision be assumed to be correct, we think the assignments presenting alleged error should be overruled, because there is in the record the following stipulation"

—referring to and setting out the agreement of the parties as to the existence of certain facts to which we have above alluded—and affirmed the case. We think that the Supreme Court there in effect held on the questions of notice of injury and claim for compensation, in line with what we have here said, that the claimant of compensation in trials de novo in appeals from an award of the board must plead and prove both notice of injury and claim for compensation in accordance with the statute, which places the burden of proof upon him. See, also, Texas

Employers' Ins. Ass'n v. Davies (Tex. Civ. App.) 6 S.W.(2d) 793. However, whatever may be said as to the correct construction of that statute as to whose duty it is to plead notice of injury and claim for compensation in such cases, in the instant case the pleadings of neither party contained any allegation as to notice of injury or claim for compensation, so that in any event the court was without jurisdiction, and the judgment must be reversed.

Other questions pertaining to the extent of injury and amount of compensation are presented, but as they may not arise on another trial, we do not discuss them.

From what we have said it follows that the judgment should be reversed and the cause remanded, and it is accordingly so ordered.

Reversed and remanded.