## TEXAS EMPLOYERS' INS. ASS'N v. SHOE-MAKE et al. (No. 1858.)

Court of Civil Appeals of Texas. Beaumont.
Oct. 24, 1929.

Morris, Sewell & Morris, of Houston, for appellant.

F. G. Vaughn, of Beaumont, for appellees.

HIGHTOWER, C. J. This is a suit by the appellees, Mrs. Ruby Lee Shoemake, surviving wife of Archie L. Shoemake, deceased, and the four minor children of Mrs. Shoemake and her deceased husband, against appellant, Texas Employers' Insurance Association, to recover compensation for the death of the husband and father, Archie L. Shoemake, who appellees alleged was an employee of the Yount-Lee Oil Company on the 17th day of December, 1927, on which date appellees alleged that the said Archie L. Shoemake sustained an injury while in the discharge of the duties of his employment, which resulted in his death on the 23d day of December following. The petition alleged, in substance, that Archie L. Shoemake, the deceased, at the time he received the injury, was gauging oil in a tank for the Yount-Lee Oil Company, and that while in the discharge of this duty, with his head on the inside of the tank, he inhaled a large quantity of gas, which injured his eyes, throat, nose, and lungs, and that his lungs were thereby so weakened that he contracted pneumonia in a short while thereaft-

er, which resulted in his death on the date above stated. This is a sufficient statement of the appellees' cause of action as made by their petition for the disposition of this appeal. The appellant answered by general demurrer and general denial, and, the general demurrer being overruled by the trial court, the case proceeded to trial with a jury, whose verdict consisted of answers to special issues, all of which answers were in favor of the appellees, and upon their motion therefor judgment was rendered by the court in favor of appellees for compensation at the rate of $20 per week for a period of 360 weeks.

Appellant has advanced in its brief a number of assignments of error and relevant propositions attacking the judgment, but the most serious of these contentions by appellant is its complaint of the action of the trial court in overruling its general demurrer, and we shall first dispose of that contention.

Appellees' petition, after stating the nature and date of the injury which resulted in the death of Archie L. Shoemake, as we have shown above, then further alleged in substance that they gave notice to appellant of the injury to and death of Archie L. Shoemake within 30 days after his death, and that claim for compensation of account of his death was filed with the Industrial Accident Board of this state within 6 months thereafter, as required by statute, and that the Industrial Accident Board thereafter made and entered its final ruling and decision on their claim, and thereby denied appellees' claim for compensation, and that within 20 days after such final ruling and decision appellees filed this suit in the district court of Jefferson county, a court of competent jurisdiction, to set aside such final ruling and decision of the board. There was no allegation in appellees' petition that any notice of any character was filed with the Industrial Accident Board by appellees of their dissatisfaction and unwillingness to abide by such final ruling and decision, and that they would appeal therefrom. The only allegations contained in appellees' petition showing the steps taken by appellees to set aside the final ruling and decision of the Industrial Accident Board against them are contained in paragraphs 10, 11, and 12 of their petition, which paragraphs are as follows:

Paragraph 10: "The plaintiffs herein represent unto the court, that they gave notice of said accident and injury to the Texas Employers' Insurance Association within thirty days from the date of said accident and injury, and that they made claim for compensation within six months after the occurrence of said injuries, and that the said Texas Employers' Insurance Association has paid no compensation, although requested to do so."

Paragraph 11: "That upon the failure and refusal of the Texas Employers' Insurance Association to pay them the weekly installments of compensation to which they were entitled the said plaintiffs herein were compelled to present their claim for compensation to the Industrial Accident Board of the State of Texas, which they allege they did within six (6) months from the date of said accident and injury; and whereupon, after giving due notice to all interested parties, the said Industrial Accident Board on the 11th day of April, A. D. 1928, made its final ruling, decision and award in favor of the Texas Employers' Insurance Association, and against the plaintiffs herein, denying them compensation."

Paragraph 12: "Plaintiffs represent unto the Court, that they are not willing to abide by, and do not consent to abide by the said ruling and decision of the Industrial Accident Board made and entered on the 11th day of April, A. D. 1928, and within 20 days from the final ruling of the Board the plaintiffs herein filed this suit to set aside said award, final ruling and decision of the Board, in the District Court of Jefferson County, Texas, a court of competent jurisdiction for said purpose."

It is very clear that neither of the foregoing paragraphs of the petition contains any statement or allegation, express or implied. that notice was given to the Industrial Accident Board that appellees were dissatisfied with the ruling of the board against them or of their unwillingness to abide thereby or that they would prosecute any appeal therefrom.

Now the precise question for our decision in this connection is as to whether the trial court was in error in overruling appellant's general demurrer because of a want of an allegation by the appellees in their petition that they gave notice to the Industrial Accident Board within 20 days after that board's adverse ruling and decision that they were dissatisfied with that ruling and decision, and would not abide thereby.

The Workmen's Compensation Law of Texas (Rev. St. 1925, art. 8307, § 5, as amended by Acts 40th Leg. 1927, c. 223, § 1), prescribing the method of appealing from an award of the Industrial Accident Board, reads as follows:

"All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board file with said board notice that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision. * * *

"If any party to any such final ruling and decision of the board, after having given no-

tice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto. * * * "

■ It is clear from the statute quoted that one who is dissatisfied with a final ruling and decision of the Industrial Accident Board of this state, and who would cancel and annul such ruling by a judgment of a court of competent jurisdiction over the subject-matter, must file a notice with the board within 20 days after its final ruling and decision of his unwillingness to abide by that ruling and decision, and that he will resort to the proper court to set it aside. The giving of this notice to the board within the specified time is one of the steps prescribed by the statute to mature a claim for compensation by an employee or his beneficiaries, and, unless the petition of a claimant for compensation shows that this statutory requirement was complied with, it fails to show a cause of action in the plaintiff or jurisdiction in a court to entertain the suit. It is now well settled that the rights and remedies afforded by our Workmen's Compensation Act being purely statutory and unknown to the common law, each step in the progress of the maturity of a claim for compensation from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and all succeeding statutory remedies. This was clearly announced by the Supreme Court of this state in Mingus, Receiver, v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1087. There Chief Justice Cureton, speaking for the court, said:

"The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable."

And further on in that opinion it was said:

"Jurisdictional allegations are an integral and necessary part of the case, without the statement of which there is no cause of action."

The holding in the Mingus Case has not been modified to any extent in so far as we are aware by the Supreme Court, and has been cited and followed many times by our several Courts of Civil Appeals, including this court. Martin v. Texas Employers' Insurance Association, 296 S. W. 639; Texas Employers' Insurance Association v. Schoeppel, 10 S.W. (2d) 405; Texas Employers' Insurance Association v. Nelson, 292 S. W. 651, 653; Employers' Liability Assurance Corporation v. Francis et al., 300 S. W. 137.

■ Testing the appellees' petition in this case by the authorities cited, we are constrained to hold that the appellees' petition was subject to the general demurrer interposed by appellant, and that the trial court was in error in overruling the general demurrer. Since the submission of this case in this court, counsel for appellees called to our attention the case of Davies v. Texas Employers' Insurance Association, 16 S.W.(2d) 524, the opinion in which was by our Commission of Appeals, Section B, speaking through Mr. Justice Speer. And counsel for appellees here earnestly urges that the holding in the Davies Case sustains his contention here that the appellees' petition was sufficient as against the general demurrer interposed by appellant. We have read with care the opinion of Judge Speer in the cited case, and find that the conclusion reached in that case that the petition of the claimant for compensation was good as against the insurance company's general demurrer was because the petition, though itself defective and insufficient as a basis for recovery, was aided, and cured by allegations contained in the insurance company's answer, that the trial court in that case was not in error in overruling the general demurrer of the insurance company. That is about all that Judge Speer announced in that case that could have any relevancy here. Now, as we have already shown, the insurance company in this case answered by only a general demurrer and general denial, and made no allegations of fact whatever that could in any way aid the appellees' petition.

■ Counsel for appellant further contend that there was no basis in the pleading of the appellees in this case for a judgment in favor of Mrs. Ruby Lee Shoemake in her individual right, and that the trial court was in error in rendering judgment in her favor for any amount. The point is that Mrs. Shoemake, according to the petition, appeared only as next friend of the minor children, and that the petition claimed nothing in behalf of her individually. Upon inspection of the petition in this connection we find that it is very awkwardly worded, and leaves it doubtful whether Mrs. Shoemake was asserting any claim for herself individually. But it is clear from this record that the parties and the trial court construed the petition as claiming a right of recovery in favor of Mrs. Shoemake individually as well as next friend of her minor children, and we shall so construe it here and overrule appellant's contention in this connection.

■ While one of the witnesses for appellees, S. D. Miles, was on the stand, he was permitted to testify over appellant's objection that the deceased, Shoemake, made a complaint to him of suffering; stating that his eyes were hurting him and that his throat was burning; that his nose was burning; and that "he got a good whiff of gas." This witness further testified that this complaint was made by him on Christmas Eve morning, or about 7 days after the alleged injury.

At the time this testimony was offered, appellant objected to it as being hearsay, and moved the court to strike it out and to in-

struct the jury not to consider it. These objections and requests were overruled, and the testimony was admitted, and proper bill saved in that connection. In this ruling the court was in error. In order for this testimony to have been admissible, it was incumbent upon appellees to show that it came within the rule of res gestæ, and they certainly failed to make any such showing. A similar question was discussed by this court at some length in Lumbermen's Reciprocal Association v. Adcock, 244 S. W. 645. We have called attention to this matter, for the reason that it might occur upon a retrial of this case. All other matters complained of by appellant will probably not arise upon another trial, and we therefore pretermit any discussion or mention of them.

Because of the error of the trial court in overruling the general demurrer in this case, the judgment is reversed and the cause remanded.