ANDERSON et al. v. ENGLER et al.
(No. 5632.)

(Court of Civil Appeals of Texas. San Antonio. March 8, 1916.)

1. APPEAL AND ERROR &787—GROUNDS FOR DISMISSAL — FAILURE TO PROSECUTE PROCEEDINGS.

Where no transcript was filed until nearly six months after trial and no briefs were filed until four days before the time set for submission, the appeal will be dismissed for want of prosecution unless there was fundamental error in the trial of the cause.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3129, 3130; Dec. Dig. &787.]

2. EASEMENTS &18(1)—WAY OF NECESSITY—STATUTE — CONSTRUCTION — INTENTION OF THE LEGISLATURE.

Where the defendants' land was bounded on three sides by the Rio Grande river and on the fourth by the land of one of the plaintiffs, they could not invoke the provisions of a law enacted in 1884 (Gammel's Laws Tex. vol. 9, pp. 600–602), requiring a right of way be left across land surrounding the land of another, as that law did not by its terms apply to the defendants' tract, and the court had no authority to extend the law to include land evidently not contemplated by the Legislature.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 50, 52, 55; Dec. Dig. &18(1).]

3. STATUTES &167(1) — REPEAL — ACTS NOT CARRIED INTO REVISAL.

Where, in adopting the Revised Statutes of 1895 and of 1911, it was in each case provided that all civil statutes of a general nature in force when the Revised Statutes took effect and not included therein or not expressly continued in force were repealed, a law enacted in 1884 (Gammel's Laws Tex. vol. 9, pp. 600–602), which was not carried into either Code and which was not in either case among the exceptions to the repealing clause, was repealed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 242; Dec. Dig. &167(1).]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit for injunction by R. C. Engler and others against W. P. Anderson and others. From the judgment for plaintiffs, defendants appeal. Dismissed.

Rentfro & Cole and H. B. Galbraith, all of Brownsville, for appellants.

FLY, C. J. This is a suit brought by appellees to restrain appellants from driving loose live stock through the gates and on the lands, crops, canals, or laterals of appellee Engler, who was the landlord of the other appellee, and from using said gates or roadway for other purposes than for pedestrians, persons on horseback or in vehicles, from leaving the gates open, and from leaving the road and going in or upon the canals, crops, or lands of said Engler. Appellees alleged their title to and possession of certain tracts of lands lying "in a bend of the Rio Grande in such a way that the east and west ends of said lands border on said river, for practically the full length of the east and west lines thereof"; that a canal had been constructed on the land, and was used to convey water for the irrigation of the crops; that the buildings and improvements, except fences, are situated on and near the west end of the land and are adjacent to the canal and its laterals; that gates have been provided near the canal, and the roadway runs along the canal, and no one has been prevented from using such gates and road, said gates being in the north and south lines of said land; that appellants claimed to own a tract of land lying south of and adjoining the lands of Engler, the land of appellants being bounded on the north by the south fence of said Engler, "While the east, west, and south sides of said lands claimed by defendants are bounded by the Rio Grande." It was further alleged that appellants had been driving loose stock across the lands of Engler and damaging the crops and canal on said lands. The court granted the injunction and rendered judgment in favor of appellees for $100 actual and $200 exemplary damages.

[1] This cause was tried in the district court on April 9, 1915, and the transcript was filed in this court on October 6, 1915. No briefs were filed in this court until February 26, 1916, the cause having been set down for submission for March 1, 1916. Appellees have filed a motion to dismiss the appeal for want of prosecution, and it will be done unless there be fundamental error in the trial of the cause, as contended by appellants.

[2] It will be noted that the petition showed that the land of appellants was lying completely between the land of appellee Engler and the river, and on the only side that egress and ingress from and to their land was open to appellants was the land of appellee Engler, the other sides of their land being encompassed by the Rio Grande, the boundary between Texas and Mexico. Appellants urged a general demurrer to the petition, which was overruled, and it is contended that such action was fundamental error, because the petition showed on its face that the land of Engler surrounded the lands of appellants and that no fence, road, or lane 60 feet wide had been left across said Engler's land as required by a law enacted

in 1884. Gammel's Laws of Texas, vol. 9, pp. 600–602.

There are two reasons why that law has no application in this case: First, because the law provides for fences and roads in connection with "land surrounding the land of another," and it clearly appears that the land of Engler lies only on one side of the land of appellants; the other sides being bounded by the Rio Grande, over which Engler has no power or control. The law in its very terms does not apply to a tract of land so bounded, but the law was evidently intended to protect the small landowner whose land might be inclosed in a pasture or other inclosure. It may be unfortunate that the law did not include land bounded as is appellants,' but this court has no authority to extend it so as to include land evidently not contemplated by the Legislature.

[3] The second reason why the law of 1884 cannot be invoked in this case is that it was not carried into the Revised Statutes of 1895 or those of 1911, and in adopting both Codes it was specially provided:

"That all civil statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed."

That provision is followed by certain exceptions to the repealing clause, the law of 1884 not being among them.

There was no fundamental error in overruling the general demurrer, and the appeal will be dismissed for want of prosecution.