## AMERICAN MUT. BEN. ASS'N v. LANGUAGE et al. (No. 7499.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 17, 1926.)

**1. Estoppel ⚖⇒110—To secure benefit of equitable estoppel, it must be especially pleaded.**

To secure benefit of testimony when used in avoidance or by waiver under defense of equitable estoppel, it must be especially pleaded, except in trespass to try title or common-law estoppel, where no principle of equity is involved.

**2. Pleading ⚖⇒166—Special reply to defense of false swearing by insured in suit on insurance certificate need not be pleaded (Vernon's Sayles' Ann. Civ. St. 1914, art. 1829).**

In suit on insurance certificate, it is not necessary for plaintiff to specially reply to defense of false swearing in certificate by insured in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1829.

**3. Insurance ⚖⇒645(3)—Proof that insured was not afflicted with consumption, but in sound health, may be shown under general denial, where breach of such warranties was specially pleaded in defense (Rev. St. 1925, art. 5043).**

In suit on insurance certificate defended on ground of breach of warranty by insured of sound health and freedom from consumption, plaintiff may show under general denial that insured was not afflicted with consumption, but in sound health, in view of Rev. St. 1925, art. 5043.

**4. Insurance ⚖⇒641(2)—Plaintiffs were required to file special defense to plead estoppel to meet defense of false swearing by insured.**

In suit on insurance certificate, plaintiffs, to avail themselves of benefit of any equitable estoppel pleading waiver to meet defense of false swearing by insured, were required to file a special defense.

Appeal from Bexar County Court; McCollom Burnett, Judge.

Suit by Jennie Language and others against the American Mutual Benefit Association. Judgment for plaintiffs, and defendant appeals. Reversed, and judgment rendered for defendant.

Harry L. Howard, of San Antonio, for appellant.

D. R. Pickens, of San Antonio, for appellees.

COBBS, J. This suit was brought in Bexar county court for civil cases by appellees against appellant, to recover upon a certificate of insurance issued to Robert Brown, deceased. The defense was that appellant was a fraternal benefit association operating under the lodge system, with ritualistic work and a representative form of government, and as such not liable for statutory penalty and attorney's fees. Appellant also pleaded that the insured, Robert Brown, at the time of making application for the policy of insurance herein sued upon, warranted to defendant that he was of sound health, and that he had never been afflicted with consumption, asthma, or spitting of blood, which said warranty was in truth and in fact false; insured being at said time afflicted with consumption, or sometimes designated phithisis or tuberculosis, which said false warranty relieves this defendant from all liability on said policy. Defendant further said that it fully satisfied and paid off the claims of the beneficiary Mamie Brown, during her lifetime, and that the said Mamie Brown fully released defendant from all claims against it. Appellees made no reply to this defense nor pleaded estoppel in any form. The case was tried by the court without a jury. The parties filed a lengthy statement of facts, and in addition thereto the court filed a very full and complete finding of all the facts with his conclusions of law thereupon.

The material question that presents difficulty is raised by the second proposition based upon assignments Nos. 3, 5, and 6: "In order to be available as a defense, estoppel must be specially pleaded and proved." While this defense had been pleaded and no reply made thereto, if any was necessary, by way of equitable estoppel, appellees were permitted to introduce all their testimony on the whole case over appellant's objection.

[1] The general rule seems to be that in order to have the benefit of such testimony when used in avoidance or by waiver coming under the defense of an equitable estoppel, it must be especially pleaded. Of course, this does not apply to cases of trespass to try title or common-law estoppel, where no principle of equity is involved. Johnson v. Byler, 38 Tex. 606; Bank v. Hutchins, 53 Tex. 71, 37 Am. Rep. 750; Scarbrough v. Alcorn, 12 S. W. 72, 74 Tex. 360; Cleburne, etc., Ry. v. Barber (Tex. Civ. App.) 180 S. W. 1179.

[2] We do not see that there is any necessity here for any special reply to the defense set up of false swearing. If that were true, that ended the inquiry. The plaintiff was not required on that issue to specially reply. Article 1829, Vernon's Sayles' Stats.

The real question raised by appellant is the court's finding on the question of estoppel, "which precludes defendant from setting up such matters (that is, that assured was not in sound health but afflicted with consumption at the time of signing the application) as a defense to this suit for the reason that defendant, for a period of about 10 months after the issuance and delivery of insurance and delivery of said policy of insurance, collected premium weekly or monthly from said insured, and also that the defendant during the lifetime of said insured

paid to said insured weekly benefits under said policy."

[3] The estoppel or waiver was essential to the recovery, for the proof does not support the other finding of the court. The plaintiff could under the general denial show that assured "was not afflicted with consumption," but in "sound health," when he was insured (article 5043, R. S. 1925), but it was shown by the uncontradicted testimony of Dr. W. C. Hirzel, who attended Robert Brown in his last illness, that Brown was suffering from galloping consumption. He acted as his physician and testified Brown had consumption when he first treated him prior to February 11, 1923, which was the date of Brown's application for insurance. There was other testimony to the same effect.

[4] There was no evidence to support the court's finding that the insured was not afflicted with consumption at the time he was insured and was in good health. In order to avail themselves of the benefit of any equitable estoppel, pleading waiver in any form, to meet the defense set up by appellant, it was incumbent upon appellees to file a special defense.

However, from a thorough consideration of this case, we are convinced that appellee failed to plead or prove a case showing any right to recover herein. Southern Surety Co. v. James A. Benton, 280 S. W. 551, opinion by the Commission of Appeals and approved by the Supreme Court February 10th, not yet [officially] published.

For the reasons stated, the judgment of the trial court is reversed, and judgment rendered in favor of appellant.