## HATTON et al. v. MUTUAL HEALTH & ACCIDENT ASS'N. (No. 1700.)

Court of Civil Appeals of Texas. Beaumont. Oct. 19, 1928.

Rehearing Denied Nov. 7, 1928.

D. E. O'Fiel and Jas. A. Harrison, both of Beaumont, for appellants.

Orgain & Carroll and Major T. Bell, all of Beaumont, V. J. Skutt, of Dallas, and G. J. Cleary, of Omaha, Neb., for appellee.

WALKER, J. This was a suit by appellant Mrs. Emily Hatton, joined pro forma by her husband, against appellee, upon a policy of accident insurance in the principal sum of $2,000, issued to her son, Jerry G. Drake, on the 17th day of December, 1926, with her named as beneficiary. Upon a trial to a jury judgment was instructed in favor of appellee. Upon the trial the parties made the following agreement:

"It is agreed that on December 11th, 1926, Jerry G. Drake made application to defendant company for the issuance to him of a policy in the defendant company, at which time the said Jerry G. Drake paid the sum of Twelve and 50/100 ($12.50) Dollars, that the policy sued on was issued to the said Jerry G. Drake on December 17th, 1926; that the sum of Twelve and 50/100 ($12.50) Dollars was the only sum paid as a premium by the said Jerry G. Drake, which was payment of the dues and premiums under the policy up to and including April 1st, 1927, which said sum of Twelve and 50/100 ($12.50) Dollars is the only sum the said Jerry G. Drake or any one for him has paid thereon, or tendered before the filing of this suit.

"That on April 1st, 1927, another Ten ($10.-00) Dollars was due on the premium, that same was not paid, that on April 12th, 1927, the said Jerry G. Drake sustained personal injuries from which he died, that due proofs of death were made and submitted to the defendant company and demand made of the defendant company for payment of the amounts due under the policy more than thirty days prior to May 19th, 1927."

"It was further agreed that a reasonable attorney's fee in this matter is $400.00, without any proof; and that the defendant had a permit, a legal permit to do business in Texas at the time the policy was issued and now; with reference to the attorneys' fees it was agreed that the above amount is a reasonable attorney's fee providing the plaintiff is entitled to recover."

The following clauses of the policy are pertinent to the issues raised by the appeal:

"Mutual Benefit, Health & Accident Association of Omaha does hereby insure Jerry G. Drake (herein called the Insured) of City of Beaumont, State of Texas, against loss of life, limb, sight or time resulting directly and independently of all other causes, from bodily injuries sustained through purely Accidental means, and against loss of time on account of disease contracted during the term of this Policy, respectively, subject, however, to all the provisions and limitations hereinafter contained."

"If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of the premium by the Association or any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance."

"(b) Strict compliance on the part of the Insured and beneficiary with all the provisions and agreements of this policy, and the application signed by the insured, is a condition precedent to recovery, and any failure in this respect shall forfeit to the Association all right to any indemnity."

"(c) The copy of the application indorsed herein is hereby made a part of this contract and this policy is issued in consideration of the statements made by the Insured in the application and the payment in advance of Twelve ($12.50) Dollars and Fifty Cents as first payment; and the payment in advance of Ten ($10.00) Dollars quarterly thereafter, beginning with April 1, 1927, is required to keep this policy in continuous effect. If any such dues be unpaid at the office of the Association in Omaha, Nebraska, this policy shall terminate on the day such payment is due. The mailing of notice to the insured at least fifteen days prior to the date they are due shall constitute legal notice of due.

"The acceptance of any premium on this policy shall be optional with the Association, and should the premium provided for herein be insufficient to meet the requirements of this policy, the Association may call for the difference as required.

"(d) The term of this policy begins at 12 o'clock noon, Standard time, on date of issue against accident and on the thirty-first day after date of issue against disease and ends at 12 o'clock noon on the date any renewal is due."

There was no provision in the policy for grace in the payment of the quarterly premiums. It was shown beyond dispute that the death of Jerry G. Drake resulted "directly and independently of all other causes, from bodily injury sustained through purely accidental means," thus bringing his death within the insuring clause of the policy. On the conclusion of the evidence, appellant requested the court to instruct a verdict in her favor for the amount of the policy claimed under the agreement. The refusal to give this charge is the basis of her propositions.

Article 4732, Revised Civil Statutes 1925, contains the following provision:

"No policy of life insurance shall be issued or delivered in this state, or be issued by a life insurance company organized under the laws of this state, unless the same shall contain provisions substantially as follows: * * *

"2. For a grace of at least one month for the payment of every premium after the first, which may be subject to an interest charge, during which month the insurance shall continue in force."

Appellant's first and second propositions are to the effect that the policy sued on was entitled to the grace period provided by this article.

Article 4733 contains the following provisions:

"No policy of life insurance shall be issued or delivered in this state, or be issued by a life insurance company incorporated under the laws of this state, if it contains any of the following provisions: * * *

"3. A provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may, by the terms of the policy, be deducted. Any company may issue a policy promising a benefit less than the full benefit in case of the death of the insured by his own hand while sane or insane, or by following stated hazardous occupations. This provision shall not apply to purely accident and health policies. No foregoing provision relating to policy forms shall apply to policies issued in lieu of, or in exchange for, any other policies issued before July 10, 1909."

Article 4716, after defining a life insurance company, an accident insurance company, and a health insurance company, further provides:

"When consistent with the context and not obviously used in a different sense, the term 'Company,' or 'Insurance Company,' as used herein, includes all corporations engaged as principals in the business of life, accident or health insurance."

As decisive of her propositions that her policy was entitled to the grace period provided for by article 4732, appellant cites North American Accident Insurance Co. v. Hodge (Tex. Civ. App.) 208 S. W. 700, decided under the statutes in force prior to 1925 revision. Article 4953 of the old statutes, being article 5050 of the 1925 revision, was as follows:

"Every policy of insurance issued or delivered within this state by any life insurance company doing business within this state, shall contain the entire contract between the parties, and the application therefor may be made a part thereof."

Article 4955 of the old statutes was as follows:

"All the provisions of the laws of this state applicable to the life, fire, marine, inland, lightning, or tornado insurance companies, shall, so far as the same are applicable, govern and apply to all companies transacting any other kind of insurance business in this state, so far as they are not in conflict with provisions of law made specially applicable thereto."

Construing these articles, the court held in the Hodge Case that they governed accident insurance, notwithstanding article 4953 purports to deal only with "life insurance." This construction rested upon the broad language of article 4955, making the general provisions of our insurance laws "govern and apply to all companies transacting any other kind of insurance." Therefore, appellant says that the grace period of article 4732, being a part of the general laws of the state relating to insurance, governs the policy sued on. But appellant is met with the proposition that article 4955 of the old statutes was omitted from the revision of 1925. Having been omitted, it is not now a part of our statutory law, unless it was continued in force or saved by some provision of the final title of the Code of 1925. American Indemnity Co. v. Austin, 112 Tex. 239, 246 S. W. 1019. Section 2 of the final title now in force provides:

"That all civil statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed."

Appellant seeks to take old article 4955 out of the provisions of section 2, and bring it within the provisions of section 20 of the final title, which is as follows:

"Nothing in the repealing clause of this title shall be construed as releasing any person or corporation from any duty enjoined in the limitation or condition imposed by any law that may be repealed by said repealing clause."

Section 20 does not purport to give new life to an omitted article, but only to keep in force against persons and corporations "any duty enjoined in the limitation or condition imposed by any law that may be repealed by said repealing clause." Since old article 4955 does not attempt to impose a condition or limitation within the meaning of section 20, it is not saved by that section. Sections 2 and 20 of the final title of 1925 are the same as sections 4 and 12 of the final title of the 1911 revision. We are following the construction given these sections of the 1911 revision by the court in Anderson v. Engler (Tex. Civ. App.) 184 S. W. 309. We therefore conclude that old article 4955 is not now in effect.

Construing the general insurance laws of Texas, it was said by a federal court in Fidelity & Casualty Co. of New York v. Dorough (C. C. A.) 107 F. 389:

"We think it plainly appears * * * that accident insurance, in the legislative mind, was distinct from life and health insurance."

Chapter 3 of the title "Insurance" of the 1925 revision recognizes "health," "accident," and "life" insurance companies, and provides that the term "company" shall include all

companies engaged in the business of insurance, as therein classified, unless the term is obviously used in a different sense. Article 4716. This article purports to regulate insurance companies and not to define the conditions of the policies to be issued by them. The conditions of the policies as to what they may contain are prescribed by article 4732, and as to what they may not contain by article 4733. Article 4716, defining insurance companies, shows and recognizes a clear distinction between a life insurance company and an accident insurance company. This distinction between the character or kinds of insurance is further emphasized by the Legislature in defining and prescribing the conditions of a life insurance policy. The distinction between the two kinds of insurance is so fundamental that a condition relating to one and not by express terms or necessary implication to the other should be considered as "obviously used in a different sense" within the meaning of article 4716. As we understand Fidelity & Casualty Co. of New York v. Dorough, supra, that proposition was announced. Was it the intention of the Legislature to subject accident insurance to the provisions of article 4732? Article 4733, § 3, expressly provides that certain conditions in section 3 "shall not apply to purely accident and health policies." Because of this expression in article 4733, appellant says that the Legislature manifested an intent to apply all provisions of the General Laws relating to life insurance also to accident insurance, unless expressly excluded by appropriate language. That argument is not sound. The general provisions of the statutes do not govern alike all characters of insurance when it is obvious that such was not the legislative intent. As we construe article 4732 in the light of the distinctions recognized by the Legislature between life insurance and accident insurance, it becomes obvious that the Legislature did not intend to make the provisions of that article applicable to accident insurance. That being the obvious meaning of this article, an express exclusion of accident insurance was not necessary. It follows that the holder of an accident policy is not entitled to the grace provision of that article. The courts might have held that it obviously appeared from the provisions of article 4733 that the Legislature did not intend it to apply to accident insurance, but the intent of that article was made clear by the express insertion of the clause cited and relied upon by appellants: "This provision shall not apply to purely accident and health policies." The language just quoted relates only to article 4733 and cannot be looked to in construing other articles of the general insurance law.

Articles 4732 and 4733 were construed against appellant's contention by the Galveston Court of Civil Appeals in Dent v. National Life & Accident Insurance Co., 6 S.W.(2d) 195, where it was said:

"In view of another trial we deem it advisable to state that, the policy being an accident and health policy as distinguished from a life policy, it is not governed by the law announced in articles 4732 and 4733 of Revised Statutes of 1925."

■■ By her third proposition, appellant asserts that the court should not have instructed a verdict against her because the defendant did not plead and prove that it gave notice of the maturity of the premium due April 1st fifteen days prior to its maturity. The clause of the policy regulating this notice is given, supra. Appellant did not rest under the burden of pleading and proving such notice. The policy, by its express provisions, lapsed upon the failure of the insured to meet his quarterly premiums. The payment of these premiums was material and "the essence of the contract." Southland Insurance Co. v. Hopkins (Tex. Com. App.) 244 S. W. 989. If appellant wanted relief from that burden, it was her duty to plead the want of such notice as an excuse for not paying the premium. The premium being due, the failure to pay it lapsed the policy, unless the payment was waived, and appellant could have the benefit of such waiver only by expressly pleading it. East Texas Fire Insurance Co. v. Brown, 82 Tex. 631, 18 S. W. 713; Ætna Insurance Co. v. Holcomb, 89 Tex. 404, 34 S. W. 915; Texas Banking & Ins. Co. v. Stone, 49 Tex. 4; German Insurance Co. v. Daniels (Tex. Civ. App.) 33 S. W. 549; American Mut. Ben. Ass'n v. Language (Tex. Civ. App.) 281 S. W. 233; American Nat. Life Insurance Co. v. Rowell (Tex. Civ. App.) 175 S. W. 170. In German Insurance Co. v. Daniels, supra, it was said:

"The plaintiff did not plead a waiver of condition in this policy requiring payment of the premium before loss. Consequently, the fourth assignment is well taken. Without so pleading, it was not competent for him to prove such waiver."

Appellant further insists that the first premium of $12.50 was sufficient on the agreed facts to pay for the policy and to keep it in force and effect until after the death of the insured. In view of the agreement "that on April 1, 1927, another ten ($10.00) dollars was due on the premium," this proposition requires no discussion. By express agreement the premium was due on April 1st, and no conditions could have made the first premium keep the policy in force longer than April 1st.

Affirmed.