## GREAT SOUTHERN LIFE INS. CO. v. WALTERS et ux.

### No. 3522.

Court of Civil Appeals of Texas. Amarillo.

Jan. 7, 1931.

Rehearing Denied Feb. 11, 1931.

Vinson, Elkins, Sweeton & Weems, of Houston (C. M. Hightower, of Houston, of counsel), for appellant.

Harney & Buckley, of Borger, for appellees.

JACKSON, J.

This suit, instituted in the district court of Hutchinson county, Tex., by the plaintiffs J. H. and Hattie Walters, husband and wife, against the defendant Great Southern Life Insurance Company, to recover the sum of $2,000, with the statutory penalty and attorneys fees, is predicated on an insurance policy alleged to have been issued on the life of Jim Walters, the son of the plaintiffs, and in which policy Hattie Walters, was named as beneficiary.

The plaintiffs allege that the insurance policy was issued and delivered to their son January 24, 1929, and that he was accidentally killed in the month of April, thereafter. That at the time their son was killed, the policy was in full force and effect, and a valid and subsisting obligation against the defendant. That the policy was in the possession of the agent of the deceased until about March 14, 1929, when possession thereof was fraudulently obtained by the defendant, and that it still had and retained possession thereof.

The plaintiffs also allege that proper demand for the payment of the policy had been made on the defendant, which was refused, and that it was necessary to obtain the services of attorneys to prosecute the claim, and that reasonable attorneys fees for such services was the sum of $500.

The defendant answered by general demurrer and general denial, and specially denied that the policy was in force and effect at the time of the death of Jim Walters, or that it had fraudulently obtained possession of said policy.

The defendant alleged that the deceased as an inducement to the defendant to issue the policy, on January 8, 1929, made a written application to it, which, among other things, provided: "That the insurance hereby applied for shall not take effect until a written or printed policy shall have been actually delivered to and accepted by me while I am in good health and the first premium shall have been actually paid during my life and while I am in good health."

That thereafter, acting upon such written application, the defendant issued a life insurance policy to the deceased for $1,000, with a double indemnity clause, and forwarded

such policy to its agent at Borger, Tex., to be delivered upon the payment of the first year's premium of $17.06, and that said written application constituted a part of said policy.

That such policy, among other things, stipulated that: "This policy, with the application, consisting of parts one and two, a copy of which is attached hereto and made a part hereof, constitutes the entire contract between the parties, and is free from conditions as to residence, travel or occupation. Only the president, vice-president, secretary, actuary, assistant secretary, or assistant actuary, has power on behalf of the company to make, waive or modify this or any contract of insurance or to extend or change the time for paying a premium. The company shall not be bound by any promises or representations heretofore or hereafter made by any person other than the above. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties."

That the defendant's agent took the policy to the deceased to be delivered upon the payment of the first year's premium, and was informed that the deceased could not pay the premium thereon; that the agent left the policy with the deceased for inspection only, after which it was to be returned for cancellation, if such premium was not paid. That a few days thereafter, the agent was requested by the deceased to get the policy and hold it fifteen days, at which time the premium would be paid. That the agent obtained the policy but the deceased, notwithstanding notice was given him, failed and refused to pay such premium. That about March 26, 1929, the policy was returned to the defendant at Houston, Tex., and canceled because of the failure of the deceased to pay the first year's premium on said policy.

Plaintiffs, in a supplemental petition, allege that the defendant waived the provision of its policy stipulating that payment of the first year's premium should be made in advance, and issued and delivered the policy for credit. That it was the custom of the defendant to extend credit to its policyholders in Hutchinson county through its duly authorized agent, who, at the time of the delivery of the policy, agreed with the deceased that the policy was issued for credit, and that the premium could be paid in the future.

In a supplemental answer, the defendant denied the delivery of the policy on credit; the authority of its agent to extend the time of payment of the premium; and again, in effect, pleaded the provisions of the application and policy heretofore quoted, urging that the first premium must be actually paid for the policy to be in effect.

In response to special issues submitted by the court in his main charge, the jury found,

in effect, that the defendant extended credit to its agent O. S. Vinyard for the premium on the policy issued to the deceased; that the defendant's agent, on receipt of the policy, delivered it to the deceased for credit; that the policy was canceled by the defendant without the consent of the deceased; that a reasonable attorneys fee was the sum of $350. In response to special issues requested by the defendant and submitted by the court, the jury found that O. S. Vinyard, the agent of the defendant, agreed with the deceased to extend him fifteen days' credit in which to pay for the policy, but that the agent was not authorized by the defendant to extend such credit to the deceased. On these findings, the court rendered judgment for the plaintiffs for the sum of $2,000, a penalty of 12 per cent., and $350 attorneys fees, from which judgment this appeal is prosecuted.

The appellant presents numerous assignments challenging as error the action of the trial court in admitting certain testimony; refusing to direct a verdict in its behalf; overruling its objections and exceptions to the issues submitted by the court in his main charge; and the insufficiency of the evidence to warrant the findings of the jury thereon; all of which, under our view of the case, it is unnecessary to determine.

The appellant assails as error the action of the court in rendering judgment against it, as the insurance contract provides, in effect, that, if any premium or note or other obligation shall not be paid when due, the policy shall thereupon cease, and the jury having found that the agreement of the agent of the appellant was to extend the deceased credit for fifteen days for the payment of the first premium, and the record showing without contradiction that the premium was never paid to either appellant or its agent, the insurance provided for in the policy terminated, and all liability of appellant ceased.

The jury found that O. S. Vinyard, the agent of appellant, agreed with the deceased to extend him fifteen days' credit in which to pay the premium. The policy provides that: "If any premium or any note or other obligation given therefor shall not be paid when due, this policy shall thereupon cease, except as herein provided."

The exception, as disclosed by the provisions of the policy following, refers clearly to the period of grace and the reinstatement clause, making the exceptions immaterial to the question under consideration.

The testimony is uncontroverted that the agreement between appellant's agent and the deceased was, in substance, that credit for the payment of the first premium would be extended for a period of fifteen days, at the end of which time, if the premium was not paid,

the policy would be returned to the office of appellant in Houston for cancellation.

Construing the record most favorably to appellees, the policy was delivered about January 24, 1929. Some seven or eight days thereafter this agreement as to the extension of a credit for fifteen days was made. The premium was not paid in accordance with the agreement; in fact, it was never paid; the policy was returned to the insurance company and canceled about March 26th, and the deceased, Jim Walters, was accidentally killed April 11th, thereafter. The appellees, by neither pleading nor proof, claimed that this provision of the policy was waived, and it is conclusive that said provision of the policy, which provides that the insurance cease on failure to pay any note or other obligation given for the premium when due, was not complied with.

"The extension agreement represented by the note was binding upon the insurance company, regardless of whether it violated either or both the statutory articles invoked. Insurance Co. v. Tabor, 111 Tex. 155, 230 S. W. 397. And if the insurance company was bound, then clearly the insured was bound also. If the latter is permitted to invoke the extension agreement, and avoid the consequences of lapse by virtue of failure to pay the premium in accordance with the terms of the policy, the insured must take the extension agreement charged with its burdens as well as clothed with its benefits. If held valid for one purpose, it must be held valid for all purposes. If void as to the obligations imposed on the insured, it is void as to the benefits accruing to the insured." Southland Life Insurance Co. v. Hopkins (Tex. Com. App.) 244 S. W. 989, 992.

See, also, Hatton et al. v. Mutual Health & Accident Association (Tex. Civ. App.) 10 S.W.(2d) 239, and authorities cited.

In this case the appellees base their right to recover on the contract evidenced by the insurance policy, and they are bound by all the terms and provisions thereof, except such as may have been waived by the appellant.

There is no contention that the deceased, or any one for him, paid the premium when due (or at any time thereafter), under the oral contract for the extension of time for such payment, and there is no contention that the provision of the policy requiring that such obligation be paid when due was waived by the appellant.

Under this record, the court erred in not rendering judgment for appellant. Therefore, the judgment of the trial court is reversed, and is here rendered that appellees take nothing by their suit, and the appellant go hence with its costs.