**KENNEDY et ux. v. GUARANTEE MUT. LIFE CO.**

No. 13517.

Court of Civil Appeals of Texas. Fort Worth.

March 5, 1937.

Rehearing Denied April 9, 1937.

W. E. Myres, of Fort Worth, and Scarborough & Ely and Edmund C. Yates, all of Abilene, for plaintiffs in error.

Bryan, Stone, Wade & Agerton, of Fort Worth, for defendant in error.

BROWN, Justice.

One Gerald Truman Kennedy, in December, 1934, made application for an insurance policy in the Guarantee Mutual Life Company, designated by us as appellee, and made Oral Pearl Kennedy, his mother, the proposed beneficiary. The applicant's father, J. L. Kennedy, is one of the appellants herein. The agent who took the application, namely, Guy O. Street, was under a written contract with said insurance company, known as a "manager's contract," and contains the following provisions: "The Company appoints Guy O. Street manager for the purpose of procuring, in person and through agents, applications for insurance in the Company, for the conservation of business and for collecting and forthwith forwarding the first year's premium, according to the terms and conditions of this contract, and thereby assigns to the manager, exclusively, the following territory, towit:" naming 39 counties in the state of Texas, of which one is Tarrant county.

The policy was actually executed by appellee company on January 4, 1935, and shortly thereafter was sent to the said Street for delivery to the insured.

The testimony discloses that the said agent tendered the policy to Gerald Truman Kennedy but that Kennedy declined to accept the policy and refused to pay the premium, and that such policy was redelivered to the said agent, and was by the agent returned to the home office for cancellation, and was cancelled about February 13, 1935.

Gerald Truman Kennedy died on or about March 8, 1935. Demand was made upon the appellee for payment of this policy, and payment being refused, J. L. Kennedy and his said wife brought suit in the district court of Tarrant county for recovery thereon.

Recovery upon the policy was sought to be had upon the theory that the policy was actually accepted but was left with the said agent Street for safekeeping;

that the policy was delivered to the said J. L. Kennedy who offered to pay the premium thereon to said agent, who refused to accept the premium and advised J. L. Kennedy that the policy was paid for, and that such policy was left in the hands of the said agent Street for safekeeping.

The insurer denied the execution of the policy, alleged that same had never been paid for and had never been accepted, but was refused by the applicant for insurance and that same had been cancelled.

The case was tried to a jury and the following special issues, in substance, were found: (1) That the agent Street did not tell J. L. Kennedy that he, Street, had paid the premium covering the policy; (2) that J. L. Kennedy did not offer to pay the said Street the premium; (3) that at the time J. L. Kennedy had a conversation with the said Street concerning the payment of the premium, Kennedy was not representing Gerald Truman Kennedy. Judgment was rendered for appellee.

The cause was appealed by writ of error, but for convenience the parties will be designated as appellants and appellee.

There are two assignments of error in the brief as follows:

"The trial court erred in refusing and in not giving plaintiffs' special requested issue number one as follows:

" 'Gentlemen of the jury: Do you find from a preponderance of the evidence that Guy O. Street on or about the 8th of January, at the Sinclair Filling Station, left the policy in question with Gerald Truman Kennedy with the intention that it should then and there take effect without the payment of the premium?' "

"The trial court erred in refusing and in not giving plaintiff's special requested issue number two, as follows:

" 'Do you find from a preponderance of the evidence that Gerald Truman Kennedy took the said policy of insurance from Guy O. Street, at the Sinclair Filling Station, on or about January 8, 1935, with the intention of keeping same?' "

The evidence seems very clear that within a few days after the agent Street had left the policy with Gerald Truman Kennedy, the appellant J. L. Kennedy, father of Gerald Truman Kennedy, called Street over the telephone and said that the policy would be returned and that the following day Street called upon Gerald Truman Kennedy and endeavored to persuade him to accept and pay for the policy, all of which the insured refused to do, and that J. L. Kennedy mailed the policy of insurance back to the said agent Street; that the policy was canceled, and that no premium was ever paid thereon.

Assuming, however, that the agent Street delivered the policy to the insured on or about January 8, 1935, with the intention that the contract should take effect without the premium being paid in advance, nevertheless, the evidence most favorable to the appellants as to what occurred between the agent Street and the insured was that the insured was given until January 15th thereafter within which to pay the premium, which, under the contract, was to be paid in advance. The premium was not then nor at any time thereafter paid, and the insured died on March 8, 1935, without having paid the premium and without any premium being paid for him by anyone.

The policy contains the following stipulation: "Failure to pay any installment of the first annual premium when due, or within thirty-one days thereafter, shall cause said policy to immediately cease and determine without value."

Appellants did not, by sufficient averments, allege that the appellee, at the time the policy was delivered to the insured, waived the prepayment of the premium, and even if the evidence had been sufficient to raise the issues of fact submitted in the two requested issues which form the basis of the two assignments of error before us, and if an affirmative finding by the jury had been made to such issues, they could not support a judgment for appellants, because they have no support in the pleadings. The assignments of error are overruled. *Great Southern Life Ins. Co. v. Walters* (Tex.Civ.App.) 40 S.W. (2d) 886; *Southland Life Ins. Co. v. Hopkins* (Tex.Com.App.) 244 S.W. 989.

The judgment of the trial court is affirmed.